UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRELL ALLEN, | |
| Plaintiff, | No. 17 C 2144 |
| v. | Judge Thomas M. Durkin |
| EDWIN UTRERAS; CITY OF CHICAGO, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Darrell Allen alleges that defendant Officer Edwin Utreras searched his home without probable cause, planted narcotics in his home, and arrested him on January 30, 2013. *See* R. 12; R. 25. Allen was charged with possession of a controlled substance and released on his own recognizance the next day. Allen was eventually tried and found not guilty on March 20, 2015. R. 12 ¶ 13.

Based on these allegations, Allen filed a complaint claiming that he was subject to an unlawful search and falsely arrested in violation of the Fourth Amendment. The Court dismissed those claims as untimely. R. 32.

Allen also brought a malicious prosecution claim. He initially brought this claim pursuant to state law, likely because the Seventh Circuit had previously held that "federal claims of malicious prosecution are founded on the right to due process, not the Fourth Amendment, and thus there is no malicious prosecution claim under federal law if, as there, state law provides a similar cause of action." *Manuel v. City of Joliet*, 590 Fed. App'x 641, 642-43 (7th Cir. 2015) (citing *Newsome v. McCabe*, 256

F.3d 747 (7th Cir. 2001)). Allen conceded that his state law malicious prosecution claim was untimely. *See* R. 32 at 3.

But in 2017 the Supreme Court reversed the Seventh Circuit's decision rejecting a Fourth Amendment malicious prosecution claim and held that "the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process." *Manuel v. City of Joliet*, 137 S. Ct. 911, 920 (2017). Allen argued that he had stated such a claim. Defendants argued that it was untimely like his other claims. But the Supreme Court had left determination of the date of accrual of such a claim to the Seventh Circuit on remand. This Court stayed this case pending the Seventh Circuit's determination of that issue. *See* R. 32. On remand, the Seventh Circuit held that such a claim "accrues when the detention ends." *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018); *see also id.* ("Because the wrong is the detention rather than the existence of criminal charges, the period of limitations also should depend on the dates of the detention.").

Defendants argue that the Seventh Circuit's decision means that Allen's claim accrued when he was released on his own recognizance on January 31, 2013, which would make his case filed on March 20, 2017 untimely. Allen argues that although he was released from detention on January 31, 2013, he was not released from "custody" because "he was forced to submit himself to court proceedings . . . [and] he was not allowed to depart the State." R. 45 at 6. He argues that this form of "custody" did not terminate until the charges against him were dropped on March 20, 2015, which would make his claim timely. But the Seventh Circuit's decision in *Manuel* was

2

based in part on the fact that a person released from pretrial detention is no longer forbidden from bringing a civil suit. *See Manuel*, 903 F.3d at 670 ("A further consideration supports our conclusion that the end of detention starts the period of limitations: a claim cannot accrue until the would-be plaintiff is entitled to sue, yet the existence of detention forbids a suit for damages contesting that detention's validity."). This consideration also indicates that the Seventh Circuit was not concerned with the lesser freedom restrictions imposed on a person released on his own recognizance, but specifically with detention itself. The reasoning also comports with an earlier Seventh Circuit holding that this level of freedom restriction does not constitute custody or seizure for purposes of the Fourth Amendment. *See Bielanski v. Cty. of Kane*, 550 F.3d 632, 642 (7th Cir. 2008) ("Although the travel restriction and the interview with the probation officer might be somewhat more onerous than the summons alone, we conclude that they are insufficient restraints on freedom of movement to constitute a seizure.").

Therefore, Allen's unlawful detention claim is untimely because it accrued on January 31, 2013, and Allen did not file his complaint until March 20, 2017, which is more than the applicable two-year statute of limitations. *See Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) ("In Illinois, the statute of limitations for personal injury actions is two years, and so section 1983 actions litigated in federal courts in Illinois are subject to that two year period of limitations.").

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss [44] is granted.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: November 9, 2018